# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 20, 2013

145594

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

WILLIAM CRAIG GARRETT,
　　　　Defendant-Appellant.

SC: 145594
COA: 307728
Wayne CC: 1995-003838-FH

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we AFFIRM the Wayne Circuit Court's November 30, 2011 Opinion and Order denying defendant's motion for relief from judgment. Defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508. Because defendant alleges grounds for relief which were previously decided against him by the Court of Appeals and has not established that a retroactive change in law has undermined those prior decisions, defendant is not entitled to relief under MCR 6.508(D)(2). To the extent defendant alleges grounds for relief which could have been raised on appeal, defendant is also not entitled to relief under MCR 6.508(D)(3), as he has failed to demonstrate "good cause" for the failure to raise such grounds on appeal and "actual prejudice" resulting from the alleged irregularities that support his claim for relief. MCR 6.508(D)(3)(a); MCR 6.508(D)(3)(b)(i)-(iv).

MCCORMACK, J. (*dissenting*).

I respectfully dissent. I would remand this case to the trial court for consideration of whether defendant's claim of ineffective assistance of counsel relating to his trial counsel's failure to call or investigate a critical alibi witness entitles defendant to relief. Because defendant is not alleging grounds for relief that were previously litigated, I do not believe that MCR 6.508(D)(2) bars his instant motion for relief from judgment. Although the cumulative nature of the proposed alibi testimony might prevent defendant from demonstrating "actual prejudice" under MCR 6.508(D)(3)(b), see *People v Carbin*,

463 Mich 590, 603 (2001), I believe that the trial court abused its discretion by dismissing defendant's motion without a hearing at which defendant could attempt to meet his burden for relief.

CAVANAGH, J., joins the statement of MCCORMACK, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2013

Clerk

t1217